# EXHIBIT A

SUM-100

## SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

SEP 11 2017

ENDORSED FILED
YUBA COUNTY SUPERIOR COURT
BONNIE SLOAN
SUPERIOR COURT CLERK
BY _____
COURT CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BALFOUR BEATTY MILITARY HOUSING INVESTMENTS, LLC., and
DOES 1 through 5, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEITH HAMBRIGHT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER** *(Número del Caso):* 17-0001351 CVCV

The name and address of the court is:
*(El nombre y dirección de la corte es):*

YUBA COUNTY SUPERIOR COURT
215 Fifth Street, Suite 200
Marysville, CA 95901

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sheri L. Leonard (173544)
HENK LEONARD, A Professional Law Corporation
2260 Douglas Blvd., Suite 200, Roseville, CA 95661

BONNIE SLOAN

| DATE: *(Fecha)* | SEP 11 2017 | Clerk, by *(Secretario)* | _____ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BALFOUR BEATTY Military Housing Investments LLC
   under:
   ☐ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☒ other *(specify):* Limited Liability Company CorpC Section 17061
   ☐ CCP 416.60 (minor)
   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ROBERT P. HENK, State Bar No. 147490
SHERI L. LEONARD, State Bar No. 173544
**HenkLeonard**
**A Professional Law Corporation**
2260 Douglas Blvd, Suite 200
Roseville, CA 95661
Telephone:     (916) 787-4544
Fax:               (916) 787-4530

Attorneys for Plaintiff
**KEITH HAMBRIGHT**

SEP 11 2017

ENDORSED FILED
YUBA COUNTY SUPERIOR COURT
BONNIE SLOAN
SUPERIOR COURT CLERK
BY_____
COURT CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF YUBA

| | |
|---|---|
| KEITH HAMBRIGHT<br><br>Plaintiff,<br><br>vs.<br><br>**BALFOUR BEATTY MILITARY HOUSING INVESTMENTS, LLC.** and DOES 1 through 5, inclusive,<br><br>Defendant. | CASE NO.:     **CVCV 17 - 0 0 0 1 3 5 1**<br><br>**COMPLAINT OF DAMAGES FOR:**<br><br>1. **BREACH OF GOVT. CODE §12940 ET SEQ.: DISCRIMINATION ON THE BASIS OF DISABILITY;**<br>2. **BREACH OF GOVT. CODE § 12940 ET SEQ.: DISCRIMINATION ON THE BASIS OF AGE; AND,**<br>3. **DEFAMATION** |

COMES NOW, Plaintiff, **KEITH HAMBRIGHT**, individually, alleging against

Defendant, **BALFOUR BEATTY MILITARY HOUSING INVESTMENTS, LLC.,** as

follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff **KEITH HAMBRIGHT** is an individual, and a resident of Yuba County,

State of California.

2.      Plaintiff is informed, believes, and thereon alleges that Defendant **BALFOUR**

**BEATTY MILITARY HOUSING INVESTMENTS, LLC.** is, and at all times mentioned

Complaint For Damages

1

1 herein was, a business entity, form unknown, operating in the County of Yuba, State of

2 California.

3    3.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

4 **DOES 1 through 5**, inclusive, and therefore sues said Defendants by such fictitious names.

5 Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants

6 is responsible in some manner for the occurrences herein alleged, and that Plaintiff' damages, as

7 herein alleged, were proximately caused by their conduct. Plaintiff will amend this Complaint to

8 allege the true names and capacities of said defendants when they are ascertained.

9    4.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned

10 herein, each Defendant may have been an agent, servant and/or employee each of the remaining

11 Defendants and may have acted pursuant to a common plan, that each Defendant may have

12 authorized, negligently supervised and/or ratified each act of each remaining Defendant, and that

13 each Defendant may be the alter ego of each of the remaining Defendants. Plaintiff is informed,

14 believes, and thereon alleges that Defendants, and each of them, were and are responsible for the

15 acts causing Plaintiff damages as hereinafter alleged.

16    5.    Plaintiff began his employment with Defendant on May 21, 2013 as a

17 Maintenance. Plaintiff's job responsibility was to prepare vacant houses for rent, including but

18 not limited to making repairs to appliances, plumbing, electrical, and HVAC systems.

19    6.    During his employment, Plaintiff was subjected to a hostile work environment

20 based on his age. Plaintiff is currently 62 years old. Most of the constant age comments were

21 made by Plaintiff's coworkers, but typically management was present when the comments were

22 made. Plaintiff was constantly called "Old Guy", asked "When are you going to retire?", and he

23 received weekly comments about being old and fragile. Plaintiff was hired by Defendant's

24 previous management and to his knowledge no one over thirty-five years old has been hired by

25 current management.

26    7.    Not only was Plaintiff seen as "old" but he was also seen as having chronic

27 medical issues, especially as his employment progressed. Plaintiff began to complain to his

28 direct supervisor, Seco Ramirez (Turn Key Supervisor) as well as to coworkers that his shoulder

29 was really bothering him and that he thought it was work related. Plaintiff also brought up the

Complaint For Damages

2

subject in the break room while Jim Slough, Facility Manager, was present. Plaintiff sought
treatment and learned that he had a damaged rotator cuff and that surgery was recommended.
Plaintiff discussed his diagnosis with Mr. Slough in approximately April 2017. Mr. Slough
stated that Plaintiff could not take time off for surgery and recovery because Mr. Ramirez had
been diagnosed with colon cancer and he did not want them both taking time off for medical
issues at the same time. Mr. Slough stated that Plaintiff could eventually take time off for
surgery after Mr. Ramirez was "better". Plaintiff was upset by the statement because Mr. Slough
was always hostile to medical issues and typically told employees to "man up" or "stop acting
like a girl" when they were brought to his attention.

8.      On or about Friday, May 19, 2017, Plaintiff was climbing down from being on a
small ladder when he missed the bottom step and pulled something in his lower back. Plaintiff
immediately went into a bedroom and laid down on a bed due to the pain in his back. After a
short period of time, Plaintiff's boss, Jim Slough (Facility Manager) burst into the room and
yelled at Plaintiff for "sleeping". Mr. Slough was so angry that he was almost spitting at
Plaintiff. The exchange was so hostile that Plaintiff's hands were shaking and his heart was
pounding and he felt like he was having a panic attack. Plaintiff explained that he had fallen off
a ladder and hurt his back, but Mr. Slough ignored Plaintiff. Plaintiff left the situation as soon as
possible and continued working. Although Plaintiff's back was still sore, he was able to
continue his job duties.

9.      Near the end of the work day, Mr. Slough again yelled at Plaintiff telling him "not
to try his bullshit on him" when Plaintiff attempted to discuss the accident. Plaintiff felt attacked
and fearful during this entire exchange.

10.     By Monday, May 22, 2017, Plaintiff was extremely emotionally distressed.
Upon arrival at work, Plaintiff informed Mr. Ramirez that he wanted to file a Workers
Compensation claim for work related stress due to Mr. Slough's demeanor towards him the prior
Friday. Plaintiff told Mr. Ramirez that he was going to obtain mental health counseling as soon
as he could make the arrangements. Plaintiff also told Mr. Ramirez that he had hurt his back in
an accident on Friday, but that it was improving. Later that afternoon, Plaintiff was called into
the office where Mr. Slough told Plaintiff that he was being suspended.

Complaint For Damages

3

11.     On Tuesday, May 23, 2017, Mr. Slough contacted Plaintiff and said that he needed to come into the office so that they could "finish up." Plaintiff informed Mr. Slough that he had a mental health counseling appointment on May 25th due to stress and so arrangements were made for Plaintiff to come to the office on Friday, May 26, 2017.

12.     On Thursday, May 25th, Plaintiff emailed Diana Torres, Community Manager, that he had resigned on the advice of his mental health therapist. Ms. Torres agreed to meet with Plaintiff at the leasing office on the following day. At their meeting, Plaintiff told Ms. Torres about his emotional distress, including but not limited to the fact that he had been suicidal over Mr. Slough's treatment. Nonetheless, Ms. Torres said that per company policy even the appearance of sleeping was cause for discharge. Plaintiff's final check was given to him on this date.

13.     Plaintiff believes that his termination for "sleeping" was pretextual and that his employer felt he was a liability due to his age and disabilities (both mental health, potential back injury, and due to his torn rotator cuff). Plaintiff believes this is true for several reasons, including but not limited to the fact that others in the workplace have actually been caught sleeping without incident and in fact Mr. Slough used to brag about sleeping while he was a Maintenance Technician. In addition, Plaintiff's workplace filed for worker's compensation on Plaintiff due to his fall from the ladder and so obviously they know that he was not "sleeping".

## FIRST OF ACTION

### Beach of Govt. Code Section 12940, et seq

### Discrimination on the Basis of Disability and/or Perceived Disability

14.     Plaintiff hereby incorporates by reference Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.     Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendant's representations, policies and procedures, and under California law, including Section 12940, et. seq., of the California Government Code.

16.     Defendant's actions against Plaintiff solely based on the fact that he is an individual with a disability and/or a perceived is discriminatory.

Complaint For Damages

4

17.     Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act, and has obtained a right to sue letter.

18.     As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not yet been fully ascertained but is within the jurisdictional limits of this Court.  Plaintiff is entitled to damages, general and special, and certain other incidental and consequential expenses and damages in an amount which will be shown at the time of trial.

19.     Plaintiff is informed, believes, and thereon alleges that Defendant acted fraudulently, maliciously, and oppressively with a conscious, reckless, willful and callous disregard of the probable detrimental and economic consequences to Plaintiff, and entitling Plaintiff to punitive damages under California Civil Code § 3294, in an amount sufficient to punish or set an example of Defendant.

**WHEREFORE**, Plaintiff prays judgment against Defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION

**Breach of Government Code Section 12940, et seq.**

**Discrimination on the Basis of Age**

20.     Plaintiff hereby incorporates by reference Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.     Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendant's representations, policies and procedures, and under California law, including Section 12940, et. seq., of the California Government Code.

22.     Defendant's actions against Plaintiff solely based on the fact that he is sixty-two years old is discriminatory.

23.     Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act, and has obtained a right to sue letter.

Complaint For Damages

5

24.     As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not yet been fully ascertained but is within the jurisdictional limits of this Court.  Plaintiff is entitled to damages, general and special, and certain other incidental and consequential expenses and damages in an amount which will be shown at the time of trial.

25.     Plaintiff is informed, believes, and thereon alleges that Defendant acted fraudulently, maliciously, and oppressively with a conscious, reckless, willful and callous disregard of the probable detrimental and economic consequences to Plaintiff, and entitling Plaintiff to punitive damages under California Civil Code § 3294, in an amount sufficient to punish or set an example of Defendant.

**WHEREFORE,** Plaintiff prays judgment against Defendant as hereinafter set forth.

### THIRD CAUSE OF ACTION

#### Defamation

26.     Plaintiff hereby incorporates by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Plaintiff is informed, believes, and on that basis, alleges that in or about the May 19, 2017 and thereafter, Defendant has falsely and with malice (as they had no reasonable belief in the truth of the allegations and/or due to ill will against Plaintiff), and without privilege orally uttered and published to others (and/or with knowledge that Plaintiff would have to self-publish) that Plaintiff was terminated due for sleeping while working.  This falsehood has been repeated to others, and Plaintiff has been exposed to contempt, which caused, and has caused, Plaintiff to be injured in his occupation and reputation.

28.     As a direct and proximate result of Defendant's outrageous and defamatory conduct, as set forth above, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not yet been fully ascertained.  Plaintiff is entitled to damages, including, but not limited to, general damages, loss of profits, benefits, and certain other damages and incidental and consequential expenses in the amount to be shown at the time of trial.

Complaint For Damages

6

**WHEREFORE,** Plaintiff prays judgment against Defendant as follows:

1.    For compensatory damages in an amount to be proven at trial.

2.    For special damages in an amount to be proven at trial.

3.    For general damages in an amount to be proven at trial.

4.    For punitive damages in an amount to be proven at trial.

5.    For interest on Plaintiff's compensatory damages at the maximum rate allowed by law.

6.    For jury trial.

7.    For attorney's fees and costs.

8.    For such other and further relief as this Court deems just and proper.

Dated:  September 8, 2017

HENKLEONARD
A Professional Law Corporation


SHERI L. LEONARD
Attorney for Plaintiff
**KEITH HAMBRIGHT**

Complaint For Damages

7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF YUBA<br>215 5TH ST STE 200<br>MARYSVILLE CA 95901<br>530-740-1800 | *FOR COURT USE ONLY*<br><br>***ENDORSED FILED***<br>***YUBA COUNTY***<br>***SUPERIOR COURT*** |
|---|---|
| PLAINTIFF/PETITIONER:<br>**Keith Hambright**<br><br>VS.<br><br>DEFENDANT/RESPONDENT:<br>**Balfour Beatty Military Housing Investments LLC** | *9/13/2017*<br><br>***Bonnie Sloan***<br>***CLERK OF THE COURT***<br>***BY:*** *E Barnes*<br>***COURT CLERK*** |
| **NOTICE OF MANDATORY CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:**<br>CVCV17-01351 |

**YOU ARE HEREBY NOTIFIED** that the above-entitled case has been set for Case Management Conference as follows:

| **DATE:** 01/16/2018 | **TIME:** 1:30 PM | Department 4 |
|---|---|---|
| LOCATION: Yuba County Courthouse, 215 5th Street Suite 200, Marysville, CA  95901 | | |

You must file and serve a completed *Case Management Statement (Judicial Council Form CM-110)* at least 15 days before the case management conference.

You must be familiar with the case and be fully prepared to participate effectively in the case management conference. Effective January 1, 2013 at least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150 on or before the initial case management conference or as otherwise provided by statute.

At the case management conference, the Court may make pretrial orders, including the following:
1. An order establishing a discovery schedule;
2. An order referring the case to arbitration;
3. An order reclassifying the jurisdictional limits;
4. An order dismissing fictitious defendants;
5. An order scheduling exchange of expert witness information;
6. An order setting subsequent conferences and the trial date;
7. Other orders to achieve the goals of the Trial Court Delay Reduction Act [Government Code § 68600, et seq.]

---
**NOTE**

**PLEASE DO NOT** attach copies of previous case management orders as instructed in paragraph 21 of the Case Management Statement [Judicial Council Form CM-110].

---

Counsel may appear via **CourtCall** if arranged no later than 12:00 p.m. (Noon) on the Thursday before the Monday conference date. You may contact **CourtCall** at (888) 882-6878.

Dated: September 13, 2017

Bonnie Sloan
Clerk of the Superior Court


By: E Barnes
Court Clerk

Form Adopted for Mandatory Use
Yuba County Superior Court
Effective 1/17/03; Rev. 6/7/13

**NOTICE OF MANDATORY CASE
MANAGEMENT CONFERENCE**

CV03014A
NCM
Page 1 of 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar n⬤ber, and address)*:<br>— Sheri L. Leonard (173544)<br>HENK LEONARD, A Professional Law Corporation<br>2260 Douglas Blvd., Suite 200<br>Roseville, CA 95661<br>TELEPHONE NO.: (916) 787-4544     FAX NO.: (916) 787-4530<br>ATTORNEY FOR *(Name)*: KEITH HAMBRIGHT | ⬤            FOR COURT USE ONLY<br><br>**SEP 11 2017**<br>ENDORSED ꟾILED<br>YUBA COUNTY ꟾꟾꟾꟾꟾꟾ COURT<br>BONNIꟾ Sꟾꟾꟾꟾ<br>SUPERIOR COURꟾ CLERK<br><br>BY_____<br>COURT CLERK |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   YUBA
STREET ADDRESS: 215 Fifth Street, Suite 200
MAILING ADDRESS:
CITY AND ZIP CODE: Marysville, CA 95901
BRANCH NAME:

CASE NAME:  Keith Hambright v. Balfour Beatty Military Housing
Investments, and Does 1 through 5, inclusive.

| CIVIL CASE COVER SHEET<br>[X] Unlimited      ☐ Limited<br>(Amount            (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter      ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **17 - 0 0 0 1 3 5 1**<br>**CVCV**<br>JUDGE:<br>DEPT.: |
| --- | --- | --- |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
[X] Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2.  This case   ☐ is      [X] is not      complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought  *(check all that apply)*: a. [X] monetary b. ☐ nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*:  3
5. This case   ☐ is      [X] is not      a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2017

Sheri L. Leonard
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB | Essential Forms<br>ceb.com | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
| --- | --- | --- | --- |